IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY J. EVERMANN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3247 |
| | ) | |
| V. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, a foreign corporation, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the plaintiff's amended motion for remand (filing 7) and the defendant's motion to dismiss (filing 11). Because the court finds that the plaintiff's action is completely preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, the plaintiff's motion for remand is denied and the defendant's motion to dismiss is granted.

**I.**    **Factual Background**

    On October 27, 2008, the plaintiff filed a complaint in the District Court of Lancaster County, Nebraska. (Filing 9, Ex. 1.) The complaint alleges that the defendant has refused to pay the plaintiff "productivity shares"[1] for the time period he served on a federal grand jury. (Id.) The complaint requests a declaratory judgment from the court on the issue of "whether Defendant is mandated by Nebraska statute [Neb. Rev. Stat. § 25-1640] to reimburse Plaintiff for loss of pay or a penalty in the form of lost productivity shares," and "for special damages and for such general

---

    [1] Pursuant to a collective bargaining agreement, for each road and yard tour of duty that is operated with one conductor or foreman and one brakeman or helper, the defendant pays a sum into an employee productivity fund. (Filing 14, Ex. 2.) At the end of the year, employees share in the division of the fund according to the number of trips or tours of duty performed by the employee. (Id.)

damages as permitted by law, for the costs of this action, and for such other and further relief as the Court deems just and proper herein." (Id.) The complaint does not allege that a federal law, constitutional right, or collective bargaining agreement has been violated. (Id.)

The defendant filed a notice of removal on December 10, 2008 (filing 1). The plaintiff then filed a motion to remand (filing 7) arguing that removal is improper because the court does not have federal question jurisdiction and that the plaintiff's claim does not arise under the RLA. The defendant responded to the plaintiff's motion by filing a motion to dismiss (filing 11), maintaining that the plaintiff's claim is preempted by the RLA and, as such, the plaintiff's action must be resolved by utilizing the grievance procedure provided for in the RLA.

## II.   Analysis

The resolution of each of the pending motions hinges upon whether the plaintiff's action, alleging a violation of Neb. Rev. Stat. § 25-1640, is governed by the RLA. *See* 45 U.S.C. § 151 *et seq.*. The RLA was enacted by Congress to "promote stability in labor-management relations in the railroad industry." *Deford v. Soo Line Railway Co.*, 867 F.2d 1080, 1085 (8th Cir. 1989). Under the RLA, parties are obligated to utilize administrative grievance procedures for minor disputes, which include those arising out of the interpretation of a collective bargaining agreement. *Id.* Thus, where the resolution of a state law claim depends on an interpretation of a collective bargaining agreement, the claim is preempted. *Id.* However, "a mere need to reference or consult a collective bargaining agreement during the course of state court litigation does not require preemption." *Gore v. Trans World Airlines*, 210 F.3d 944, 949 (8th Cir. 2000). Accordingly, if the plaintiff's action comes within the ambit of the RLA, the plaintiff's claim is completely preempted and the matter must be dismissed. Conversely, however, if the plaintiff's claim is not within the scope of the

RLA, the action must be remanded to state court as removal would be improper because the court would not have jurisdiction.

The plaintiff maintains that the defendant's refusal to provide him with productivity shares for the time he spent serving on a federal grand jury violates Neb. Rev. Stat. § 25-1640. This statute provides, in part, as follows:

> . . . No employer shall subject an employee to discharge, *loss of pay*, loss of sick leave, loss of vacation time, or *any other form of penalty* on account of his or her absence from employment by reason of jury duty, except that an employer may reduce the pay of an employee by an amount equal to any compensation, other than expenses, paid by the court for jury duty. . .

Neb. Rev. Stat. § 25-1640 (emphasis added). Specifically, the plaintiff contends that his loss of productivity shares constitutes a loss of pay or penalty under Neb. Rev. Stat. § 25-1640. The plaintiff asserts that his claim is not preempted by the RLA because resolution of the action does not depend upon an interpretation of the collective bargaining agreement. Rather, according to the plaintiff, the matter can be resolved simply by applying Nebraska law to the factual circumstances. I disagree.

Any analysis of the plaintiff's claim that his loss of productivity shares constitutes a loss of income or penalty under Neb. Rev. Stat. § 25-1640 necessarily requires interpretation of the collective bargaining agreement. Pursuant to the collective bargaining agreement, the plaintiff is eligible to earn productivity shares each time he makes a train trip under limited circumstances. (Filing 14, Ex. 2.) At the end of the year, the plaintiff receives a productivity allotment from a fund set aside by the defendant based upon the productivity shares he earned for the year. The plaintiff's alleged entitlement to productivity shares arises solely from the terms of the collective bargaining agreement. (Id.) If it were not for the collective bargaining agreement, the defendant would not be entitled to any productivity shares. Thus, the

existence and extent of any right of the plaintiff to productivity shares can only be determined by an interpretation of the collective bargaining agreement.

Moreover, the circumstances under which productivity shares are earned and the purpose of awarding employees productivity shares are each relevant inquiries in assessing whether the defendant's refusal to compensate the plaintiff for lost shares constitutes an unlawful penalty under the Nebraska statute. An analysis and interpretation of the collective bargaining agreement is certainly necessary in answering these questions. Because the resolution of this dispute requires the application of Nebraska law to the provisions of the collective bargaining agreement, the plaintiff's action is preempted by the RLA.

I find and conclude that the plaintiff's claim is dependent on the interpretation of the collective bargaining agreement and is therefore preempted by the RLA. Accordingly, the plaintiff's amended motion to remand is denied. Moreover, because this matter comes within the scope of the RLA and its mandatory administrative grievance provisions, this court lacks jurisdiction to hear the action. As such, the defendant's motion to dismiss is granted.

IT IS ORDERED:

1. The plaintiff's amended motion to remand (filing 7) is denied;

2. The defendant's motion to dismiss (filing 11) is granted;

3. By separate document, judgment shall be entered in favor of the defendant and against the plaintiff, providing that the plaintiff shall take nothing and the complaint is dismissed with prejudice.

March 6, 2009.

BY THE COURT:
s/*Richard G. Kopf*
United States District Judge